## STATE

### v.

### Leo E. SPAZIANO, Jr.

### No. 96–105–C.A.

Supreme Court of Rhode Island.

Nov. 29, 1996.

Lauren Sandler Zurier, Aaron Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

### OPINION

PER CURIAM.

The defendant, Leo E. Spaziano, Jr. (Spaziano), was convicted by a Superior Court jury of possessing with the intent to sell certain electronic devices (referred to as

"black boxes") used to filch cable-television transmissions. *See* G.L.1956 § 11–35–25, subsections (a) and (b). Spaziano is before us on a multifaceted appeal, but only the probable-cause issue he raises has arguable merit. We asked him to show cause why this matter should not be determined summarily. After due consideration, we detect no cause and shall therefore decide this appeal without further briefing or argument.

Spaziano faults the trial court's decision not to suppress the wealth of incriminating evidence seized during a search of his home. His primary complaint is that the affidavit in support of the search warrant contained stale (and therefore unusable) information. He contends that if this information were excised from the affidavit, nothing would be left to support a finding of probable cause. We disagree.

 Probable cause is determined under a commonsense test, *e.g., State v. Pacheco,* 481 A.2d 1009, 1020–21 (R.I.1984), and the state need not show the same quantum of proof as is necessary to convict, *e.g., State v. Pratt,* 641 A.2d 732, 736 (R.I.1994). Probability of criminal activity is the benchmark. *E.g., Pratt,* 641 A.2d at 736. When confronted with a search-warrant application, the magistrate's task is to consider the totality of the circumstances set forth in the affidavit and to decide whether there is a fair probability that evidence of a crime will be found in a particular place. *See id.* at 736–37. In reviewing a decision to issue a warrant, we give "great deference" to the magistrate's appraisal of the supporting affidavit, reversing if there is no "substantial basis" for finding that probable cause existed. *Id.* at 737. With these judicial yardsticks in mind, we turn to the chronology surrounding the search of Spaziano's home.

 *March 1993:* John Fuscaldo, network security coordinator for Cox Communications (Cox), speaks with Lieutenant Joseph Matarese regarding an unsigned letter Fuscaldo has received accusing Leo Spaziano of 21 Rosemont Avenue, Johnston, Rhode Island, of distributing black boxes. Matarese puts Spaziano's home under surveillance, but nothing comes of this action.

*September 1994:* Fuscaldo receives an anonymous phone call from a concerned Cox customer fingering Spaziano in an illegal black-box selling scheme. Fuscaldo contacts Matarese, and once again Spaziano's home is watched to no avail. The police note, however, that Spaziano's basement windows, through which a cable-feed wire conspicuously ran, had been blackened so that no one could see in.

*February 1995:* Fuscaldo tells Matarese that a national cable television organization in Washington, D.C., has received an unsigned letter implicating Spaziano in a black-box selling scam. The police again set up a surveillance detail outside Spaziano's home, and this time they see plenty. Over the next few days they notice a number of packages being delivered to Spaziano's residence c.o.d. by United Parcel Service to a company called Rhode Island Radio. However, there is no such entity registered to do business in Johnston. Matarese soon learns from Fuscaldo that the companies sending the packages sell cable boxes, converters, descramblers, and other electronic devices used to pick up premium cable channels.

The police then search the trash left outside Spaziano's home and discover a ledger showing in code the amounts of money owed by black-box customers and a hand-drawn diagram describing how to assemble a black box. They also see numerous shipping cartons big enough to hold black boxes. And it is around this time the police learn that the FBI had seized sales records in a raid on a California black-box manufacturer and that Rhode Island Radio was listed as a purchaser.

Following these events Matarese seeks and obtains a search warrant for Spaziano's home from a District Court judge. The ensuing search strikes paydirt, turning up, *inter alia,* a list of persons owing money to Spaziano, documents addressed to Rhode Island Radio, several address books, and a multitude of black boxes (some of which have been squirreled away behind a bookcase).

On appeal, Spaziano points to the anonymous tips received in 1993 and 1994 and argues that they were too old to support a finding of probable cause for the search war-

rant. But the Matarese affidavit also contained sufficient current information. After reviewing the totality of the circumstances set forth in the affidavit, we agree with the Superior Court that it provided a substantial basis for the probable-cause determination.[1]

Spaziano's remaining claims of error (for example, that the trial justice erred in questioning him and in denying his motion for judgment of acquittal) have been carefully considered but do not warrant extended discussion. Upon close examination of the record, we find his claims to be insubstantial on the facts and on the law.[2]

For these reasons we deny and dismiss Spaziano's appeal, affirm the judgment of conviction, and remand the papers in this case to the Superior Court.

1. We, like the trial court, note that even the mere possession of these types of devices is a misdemeanor. *See* G.L.1956 § 11–35–25(c).

2. We find no error with the trial justice's brief questioning of Spaziano during the trial. His nonpartisan mien and his later cautionary jury instruction (defense counsel rejected the trial justice's offer to give a contemporaneous instruction) bely Spaziano's suggestion that this action constituted error. *See State v. Phommachak,* 674 A.2d 382, 390 (R.I.1996). We also believe that the evidence (viewed most favorably to the state) and the inferences drawn therefrom support the trial justice's decision to deny Spaziano's motion for judgment of acquittal. *See State v. Parente,* 460 A.2d 430, 440 (R.I.1983).